IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 9, 2024

## STATE OF TENNESSEE v. SHELTON HALL, III

**Appeal from the Circuit Court for Rutherford County**
Nos. F-62427, F-59815, F-60054, F-60055          James A. Turner, Judge
_____

### No. M2023-00657-CCA-R3-CD
_____

Petitioner, Shelton Hall, III, appeals the denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and MATTHEW J. WILSON, J., joined.

R. Wilford Fraley, III, Murfreesboro, Tennessee, for the appellant, Shelton Hall, III.

Jonathan Skrmetti, Attorney General and Reporter; Christian N. Clase, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Matthew Westmoreland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

On July 20, 2007, Petitioner pled guilty to reckless aggravated assault in case no. F-59815 and two counts of the sale of .5 grams or more of cocaine in case nos. F-60054 and F-60055. The sentences in case nos. F-59815, F-60054, and F-60055 were ordered to be served concurrently for an effective eight-year sentence to be served on probation.

On April 22, 2009, while still on probation for his 2007 cases, Petitioner pled guilty to three additional offenses in case no. F-62427: one count of the sale of .5 grams or more of cocaine, one count of the sale of less than .5 grams of cocaine, and one count of the sale of less than .5 grams of cocaine within 1,000 feet of a school zone. He received an effective twelve-year sentence to be served on community corrections consecutively to the time

remaining on Petitioner's 2007 convictions. *See State v. Hall*, No. M2012-01622-CCA-R3-CD, 2013 WL 1200266, at *1 (Tenn. Crim. App. Mar. 26, 2013). The trial court also entered a violation of probation order for the 2007 cases and ordered Petitioner to serve ten months in confinement.[1] Additionally, the trial court transferred supervision for Petitioner's eight-year probation sentence to community corrections for an effective twenty-year sentence to be served on community corrections. *Id.*

Community correction violation warrants were issued against Petitioner on October 11, 2010, January 21, 2011, and March 22, 2011, and an evidentiary hearing was held on those violations on September 23, 2011. *Id.* at *2. The trial court sustained the warrants and ordered Petitioner to serve his original eight-year and twelve-year consecutive sentences in confinement. Petitioner was given jail credit totaling three years, ten months, and nine days. *Id.* Petitioner appealed his community corrections revocation arguing that his probation officer wrongly violated his community corrections sentence without just cause, and the trial court abused its discretion in "declining to appoint counsel, in determining that he had waived his issues, and in failing to consider his 'Motion for Reconsideration of Judgment Orders' and 'Motion for Modification of Judgment Orders.'" *Id.* at *1. In addition to agreeing that Petitioner filed an untimely notice of appeal, this Court concluded that Petitioner had waived his issues on appeal "based on his failure to include the transcript from the revocation hearing and based on his failure to make appropriate references to the record, to include citations to relevant authority, and to support his issues with argument." *Id.* at *5.

Petitioner subsequently filed numerous pro se motions that were all denied by the trial court. *Id.* at *2-3. On July 29, 2021, he filed a motion pursuant to Tennessee Rule of Criminal Procedure 36 alleging that the trial court incorrectly determined the number of pretrial jail credits he was entitled to receive. The trial court found that Petitioner "failed to provide evidence or support" of his claim and dismissed the motion. On May 11, 2022, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure alleging that he should have been released from confinement after service of the eight-year sentence for his 2007 convictions. The trial court denied the motion finding that Petitioner's pretrial jail credits were properly applied and that the trial court possessed the authority to place Petitioner's twelve-year sentence for his 2009 convictions into effect.

On July 19, 2022, Petitioner filed a "Petition Seeking Clarification of Previously Entered Judgment" arguing that he should be released from confinement and placed under community corrections supervision. That same day, Petitioner also filed a "Petition to Reduce School Zone Sentence," and the trial court denied both petitions. Regarding the

---

[1] The trial court entered a community corrections order on August 11, 2009, suspending the ten-month sentence. The court also said that Petitioner's sentence would expire on July 15, 2027. *Hall*, 2013 WL 1200266, at *2.

petition seeking clarification, the trial court found that Petitioner's sentence was authorized by statute, and he failed to state a colorable claim for relief. Regarding the petition for resentencing, the trial court found that Petitioner's "overall sentence would not be reduced" if he were resentenced.

On January 12, 2023, Petitioner filed the present Rule 36.1 motion, his second, reiterating his previous arguments. At the evidentiary hearing, Petitioner argued that the trial court lacked authority to place his original twelve-year sentence into effect. More specifically as to this issue, defense counsel asserted:

> [Petitioner] maintains the position that he had not yet come into that 12 year sentence, he had not started that sentence. He could not be ordered to serve that sentence, because it had not yet begun.
>
> At this point, his eight year sentence would have been flattened completely, served out based upon the time that he's spent incarcerated. And he should now be released onto a 12 year Community Corrections sentence as it was originally ordered.
>
> He further would argue that his original sentence to the 12 year Community Corrections was not a suspended sentence. I don't know that I understand that argument, and he may be able to explain that to the Court. Because, like I said, it's either suspended or it's to serve. And it was not a to serve as it was originally imposed.
>
> But his basic position today is that he never began the 12, and that this Court, [. . .], had no authority to put a sentence of Community Corrections into effect when it hasn't started, therefore he could not have violated.
>
> I have looked at some case law. I have looked at [Tennessee Code Annotated section] 40-35-311, which [Petitioner] can tell you all about. *State v. Bowling*, *State v. Green*, 40-35-311. All those things, he's well versed in those things.
>
> I cannot see that they apply to the argument that he's making. And this isn't what he wants to hear, but it's what I am finding, and it's what I have discussed with him. But I'm here to present his case otherwise, Judge.

Petitioner was called to testify and acknowledged that defense counsel had advised him that the "law" did not favor the argument raised by Petitioner in his Rule 36.1 motion. However, Petitioner testified:

Well, I'm saying that my sentence is illegal based upon the Statute of 40-35-311. 40-35-311 only applied to my eight year sentence. Those Case Numbers was 59815, 60055, 60054. I was currently out on the street serving eight years that was transferred to Community Correction for the remainder of my State Probation.

It also says it in the Community Corrections Order. The Community Corrections Order is dated August 11, 2009. And on this order in the special - - in the special conditions in this order, it says probation is being supervised by the Community Corrections for the remainder of the State Probation without credit before he starts 62427, in which he will receive credit on.

So, to my understanding and to my agreement, this means that I was to serve my probation before I start my 12 year sentence. However, I never made it to the 12 year sentence because I violated for technical reasons. And to my understanding up under the revocation statute, [the trial court] only had the authority to execute the judgment as it was originally entered.

He could have modified my conditions. He could have extended it two years, et cetera. In my case, that didn't happen to me. Now I'm serving 8 years, plus 12 years for a technical violation. That's erroneous and it's unconstitutional. And it's not fair to me.

The trial court entered an order denying Petitioner's Rule 36.1 motion finding that Petitioner's sentence was authorized by statute and not illegal. The court pointed out that "[t]rial courts do have the authority to place a sentence, once suspended, into effect, which is what [the trial court] did on September 23, 2011." The trial court further found that "if [Petitioner] believed the Court erred in 2011, then he should have timely exercised his right to appellate review." It is from this order that Petitioner now appeals.

**Analysis**

On appeal, Petitioner argues that the trial court erred by denying his Rule 36.1 motion because his sentence is illegal. More specifically, he asserts that the trial court's probation revocation order of April 22, 2009, improperly changed his eight-year probationary sentence, that he had already begun serving, to a new community corrections sentence and that the trial court erred by ordering him to "serve the twelve-year sentence which was a community corrections sentence which had not yet begun." The State responds that Petitioner waived his claim concerning the eight-year sentence and that

neither of the claims raised by Petitioner are cognizable under Rule 36.1, "as both were appealable." We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 permits a Petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.*

Initially, as argued by the State, Petitioner has waived his claim that the trial court illegally imposed a "new sentence of Community Corrections" for his effective eight-year sentence after revoking his probation and that the revocation order is "void" by failing to raise it in the trial court. Because the issue is raised for the first time on appeal, it is waived. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. McDougle*, No. W2022-01103-CCA-R3-CD, 2023 WL 2968224, at *2 (Tenn. Crim. App. Apr. 17, 2023) (holding that petitioner's claim was waived because he failed to raise it at the trial level in his Rule 36.1 motion), *perm. app. denied* (Tenn. June 28, 2023).

Even if not waived, this claim and Petitioner's claim that the trial court erred by ordering him to serve his twelve-year community corrections sentence, which had not yet begun, if taken as true, do not afford Petitioner any relief. These are both errors that could have been appealed and are not cognizable under Rule 36.1.[2] *Wooden*, 478 S.W.3d at 594-95; *see State v. Yost*, No. E2020-01115-CCA-R3-CD, 2021 WL 3808974, at *1 (Tenn. Crim. App. Aug. 26, 2021) ("An error in a trial court's revocation of probation is an appealable error and does not render a sentence illegal."), *no perm. app. filed*; *State v. Pearce*, No. W2019-00341-CCA-R3-CD, 2019 WL 5681477, at *2 (Tenn. Crim. App. Oct. 31, 2019) ("The Defendant's attack of the revocation of his probation is a claim of trial

---

[2] It does not appear that Petitioner raised these errors in the appeal of his community corrections violation. *See Hall*, 2013 WL 1200266, at *1-5.

- 5 -

court error that could have been appealed."); *State v. Massey*, No. M2019-00700-CCA-R3-CD, 2020 WL 1933776, at *2 (Tenn. Crim. App. Apr. 22, 2020) (holding that the trial court's summary dismissal of the appellant's Rule 36.1 motion was proper and that he could have appealed any community corrections revocation order within thirty days of entry but failed to do so). The record reflects that Petitioner received statutorily authorized sentences for his convictions, and nothing indicates that his sentences contravene any sentencing statute. Accordingly, we conclude that the trial court's dismissal of Petitioner's Rule 36.1 motion was proper, and he is not entitled to relief.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is affirmed.

_____
JILL BARTEE AYERS, JUDGE